# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cr-03126-05-MDH |
| | ) | |
| CASEY B. WATKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. 3582(c)(2) and USSC Amendment 821. (Doc. 318). The government has filed a response stating the Court should deny Defendant's motion because he is ineligible for a reduction in sentence. (Doc. 321).

Following a guilty plea, defendant was convicted of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. The Court calculated a total offense level 25, a criminal history score 32, a criminal history category VI, and an advisory guidelines range of 110 to 137 months' imprisonment. The total criminal history score included two criminal history points because defendant committed the instant offense while under a criminal justice sentence. The Court imposed a sentence of 96 months' imprisonment, a variance from the calculated Sentencing Guidelines range.

As stated by the government: in general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: a court may modify an otherwise final term of imprisonment when a defendant was originally sentenced under a

1

guidelines range that the Sentencing Commission has subsequently lowered and the reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10. Dillon, 560 U.S. at 819-22. The court must recalculate the guidelines range as if the amended guideline had been in effect at the initial sentencing, leaving all other guidelines calculations unchanged. U.S.S.G. § 1B1.10(b)(1). If the guidelines range does not change, the court may not reduce the defendant's sentence. *See id.*§ 1B1.10(a)(2)(B). Even if the guidelines range does change, a court may not reduce a defendant's sentence below the amended range. See id. § 1B1.10(b)(2)(A). Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005), these guidelines provisions remain mandatory. See *Dillon*, 560 U.S. at 829-30.

Here, Defendant is not eligible for relief under Amendment 821 because application of Amendment 821 would not change his guidelines range. Under the then-existing guidelines, defendant's total criminal history score was 32 and his criminal history category was VI. Applying Amendment 821's change to § 4A1.1 to defendant's guidelines calculation would reduce his total criminal history score to 31 but would not change his criminal history category or his Guidelines range. See U.S.S.G. ch. 5. Defendant is, accordingly, ineligible for a reduction in sentence. U.S.S.G. § 1B1.10(a)(2)(B).

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED:  June 25, 2024                  */s/ Douglas Harpool*
                                       **DOUGLAS HARPOOL**
                                       **UNITED STATES DISTRICT JUDGE**